**In re Patrick J. DUNCAN, Debtor.**

**Bankruptcy No. B–96–08222–PHX–RGM.**

United States Bankruptcy Court,
D. Arizona.

July 15, 1997.

Daniel P. Collins, Leonard, Collins & Kelly, Phoenix, AZ, for debtor.

S. Matt Collins, Crosby & Gladner, Phoenix, AZ, for FTB Mortgage Services.

Charles L. Riley, Jr., Tempe, AZ, Chapter 7 Trustee.

ORDER GRANTING DEBTOR'S MOTION TO VACATE DEED OF TRUST SALE AND ORDER SETTING CONTINUED HEARING ON DEBTOR'S MOTION TO SELL PROPERTY

ROBERT G. MOOREMEN, Bankruptcy Judge.

This matter is before the Court pursuant to Debtor's Motion to Vacate the Deed of Trust Sale of Debtor's Residence and FTB Mortgage Services' Response thereto. A hearing was held June 26, 1997 at which the Court reopened the Bankruptcy case in order to determine whether proper notice had been given for the Trustee's Sale and the Court being advised that there were no material facts in dispute directed the parties to prepare and file a written stipulation of facts on or before July 1, 1997. The Court took the matter under advisement following the filing of the stipulation of facts, a copy of which is attached hereto and incorporated by reference herein.

After due consideration of the pleadings, the stipulated facts, the record herein wherein the Trustee filed a report of no assets, and under the present posture of the case, the Court finds and concludes the following in making its decision.

1. The Chapter 7 Bankruptcy case was closed on May 19, 1997 following the entry of the Chapter 7 Discharge.

2. The Deed of Trust Sale relied upon by FTB Mortgage occurred on June 11, 1997 and following the closing of the Bankruptcy case.

3. The Deed of Trust Sale was originally noticed for August 7, 1996 and was *orally* continued eleven (11) times during the pendency of the Bankruptcy case and was not held until June 11, 1997.

4. FTB Mortgage failed to give actual notice to the Debtor, or Debtor's counsel (when Debtor's counsel came into the case) of the continued proposed sale dates or times.

5. The Debtor has filed an application to sell the subject exempt homestead property to a third person for a total amount of $190,-000, which appears to satisfy all liens and encumbrances.

6. Debtor alleges that the proceeds from the sale will be sufficient to pay FTB Mortgage's claim in full, all closing costs and real estate commissions, to provide the Debtor with a $15,000 cash exemption from sale of homestead and that various involuntary liens would be paid from the balance of the sale proceeds as uncontested.

The Court finds and concludes on this record that the facts of this case are substantially analogous to those of *In re Acosta,* 181 B.R. 477 (Bankr.D.Ariz.1995). The Court held in *Acosta* that due process requires actual notice to be given to the Debtor prior to a Trustee's Sale which is scheduled to occur after stay relief or dismissal of the Bankruptcy case. 181 B.R. at 479; compare *Carl I. Brown and Co. v. Anderson (In re Anderson),* 195 B.R. 87, 89–92 (9th Cir. BAP 1996) (The Bankruptcy Appellate Panel cited *Acosta* in detail in the *Anderson* opinion. The Appellate Panel held that *Anderson* was distinguishable from *Acosta* and also indicated that due process was not violated in that case because the Trustee's Sale occurred on the original date and had not been orally continued).

The Court finds and concludes that actual notice was not given to the Debtor of the continued sale date in this case, that the sale date had been continued eleven (11) times during the pendency of the Bankruptcy case without actual notice to the Debtor or his attorney, and that Debtor was not afforded proper due process under the facts of this case. The Court finds and concludes that the Trustee's Sale held on June 11, 1997 by FTB Mortgage must be, and hereby is set aside for the foregoing reasons. The Court notes that it does not appear that FTB Mortgage will suffer any harm or prejudice as a result of this decision.

The Court having ruled that FTB Mortgage's Trustee Sale be set aside, and the Debtor having applied for Court approval of the sale of the subject property for a total of $190,000, the Court finds and concludes that a continued hearing on the sale of the property shall be set before the Court and because the Motion to Approve Sale was noticed with the Motions to Reopen the Bankruptcy Case and Motion to Set Aside the Trustee Sale, and an opportunity for objections has been given to all persons listed on the master mailing list, the Court will set an expedited hearing, with notice sent by the Debtor only to interested parties.

Accordingly,

IT IS ORDERED granting Debtor's Motion and vacating the Trustee's Sale of June 11, 1997 and the deed thereon is void;

IT IS FURTHER ORDERED that an expedited continued hearing on Debtor's Motion to Sell Property shall be set for Friday, July 18, 1997 at 11:00 a.m. at the United States Bankruptcy Court, Courtroom # 1, 2929 North Central Avenue, 11th Floor, Phoenix, Arizona, 85012;

IT IS FURTHER ORDERED that the Debtor is directed to immediately give notice of the expedited continued hearing on Debtor's Motion to Sell Property to interested parties only as aforesaid.

IT IS SO ORDERED.

## APPENDIX

Daniel P. Collins (009055)

**LEONARD COLLINS & KELLY, P.C.**

Two Renaissance Square

40 North Central Avenue, Suite 2500

Phoenix, Arizona 85004

(602)254–5200

Attorneys for Debtor

Stephen M. Collins, Esq. (012095)

**CROSBY & GLADNER, P.C.**

111 West Monroe, Suite 706

Phoenix, Arizona 85003–1720

(602)254–5155

Attorneys for FTB Mortgage Services

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF ARIZONA

In re:

PATRICK J. DUNCAN,
    Debtor.

**Proceedings Under Chapter 7**

## Case No. 96–08222–PHX–RGM
### STIPULATION REGARDING FACTS SURROUNDING DEED OF TRUSTEE SALE

The chapter 7 debtor, Patrick J. Duncan ("Duncan"), and FTB Mortgage Services, ("FTB"), by and through their undersigned counsel, herewith submit their stipulation regarding the facts surrounding the deed of trust sale held by FTB against Duncan's residence located at 10627 South 42nd Avenue, Laveen, Arizona (the "property"):

1. FTB handles the servicing of a note and deed of trust owned by the Federal National Mortgage Association ("Fannie Mae"). The note was in the original amount of $113,200 and was signed by Duncan on August 28, 1989. The note is secured by the property.

2. On May 7, 1996 FTB recorded with the Maricopa County Recorder's Office its notice of deed of trust sale on the property. The original deed of trust sale date was scheduled for August 7, 1996.

3. On August 6, 1996 Duncan filed his voluntary chapter 13 bankruptcy petition.

4. In November, 1996 FTB filed its motion for relief from the automatic stay based upon the debtor's failure to make post-petition payments.

5. On or about January 21, 1997 Duncan's chapter 13 bankruptcy was converted to a chapter 7 proceeding. Charles Riley was appointed chapter 7 trustee. Duncan retained the law firm of Leonard Collins & Kelly, P.C. and the attorneys filed their notice of appearance on or about February 10, 1997.

6. In March, 1997 Duncan and FTB entered into a stipulation provided for stay relief in favor of FTB effective August 16, 1997 or, if the case was closed in the interim, for stay relief to occur at that time.

7. On or about February 24, 1997 a purchase contract was entered into between Duncan and Todd and Diana Marquart (the "Marquarts") calling for Duncan to sell the property to the Marquarts for the sum of $190,000.00. The subject property had been listed for sale at $190,000.00. Duncan's real estate agent is Natalie Gurule. The buyer's agent is Tom Gatchell. The sale escrow was opened at Chicago Title. A title report was sent to Duncan's counsel on May 5, 1997. Duncan's counsel was out of state from May 14, 1997 to May 17, 1997.

8. On May 29, 1997 Duncan's counsel filed an application to sell the property to the Marquarts for the sum of $190,000.00. FTB, Fannie Mae, and FTB's attorneys were not notified of the application to sell the property, and did not know about the contract on the property until after the trustee's sale had taken place. Chicago Title, however, contacted FTB prior to May 29, 1997 requesting a loan payoff balance. The Court rejected this application for the reason that this case had been closed on May 19, 1997. Neither Duncan nor his counsel received notice from the trustee or the Court indicating Duncan's chapter 7 proceedings were to be closed. Duncan and his counsel first learned of the case closing on or about June 4, 1997.

9. After receiving the bankruptcy court's rejection of Duncan's sale application, Duncan's counsel contacted Chicago Title to determine whether it would insist on obtaining a bankruptcy court order approving the subject sale or whether, armed with the knowledge that Duncan's chapter 7 bankruptcy had been closed, Chicago Title would close the sale without a court order authorizing the sale. While trading phone calls with Chicago Title's counsel, Jerry McReynolds, Chicago Title discovered that FTB conducted a private deed of trust sale of the property on June 11, 1997. This fact was made known to Duncan's counsel the evening of Friday, June 13, 1997.

10. On June 16, 1997 Duncan's counsel contacted FTB's counsel in Phoenix and Dallas to discuss the proposed sale sought by Duncan. While awaiting a response from FTB, the undersigned learned that Arizona Executives Realty & Investment had been contacted to determine whether the property was occupied and, presumably, to ultimately

list the property for sale on behalf of FTB and/or Fannie Mae. Having received no confirmation of the course of action to be sought by Fannie Mae and/or FTB, Duncan's counsel filed a motion to reopen these bankruptcy proceedings on June 17, 1997. Additionally, Duncan filed his motion to vacate FTB's June 11, 1997 deed of trust sale and sought this court's order approving the sale of the property to the Marquarts by Duncan under the terms set forth in Duncan's May 29, 1997 application for sale.

11. Notice of the original trustee's sale date of August 7, 1996 was given in accordance with the Arizona Revised Statutes. No written notice was given of the continued sale dates by FTB to Duncan or his counsel. When FEB's originally scheduled deed of trust sale needed to be continued due to Duncan's bankruptcy, FTB orally announced the continuance of its deed of trust sale in accordance with Arizona Statutes on August 7, 1996 to September 11, 1996. Subsequent deed of trust sales continuances were orally announced by Fidelity Title (the trustee under the deed of trust) on the following dates:

A. On September 11, 1996 FTB continued its deed of trust sale to October 16, 1996.

B. On October 16, 1996 FTB continued its deed of trust sale to November 20, 1996.

C. On November 20, 1996 FTB continued its deed of trust sale to December 18, 1996.

D. On December 18, 1996 FTB continued its deed of trust sale to January 15, 1997.

E. On January 15, 1997 FTB continued its deed of trust sale to January 22, 1997.

F. On January 22, 1997 FTB continued its deed of trust sale to February 5, 1997.

G. On February 5, 1997 FTB continued its deed of trust sale to February 26, 1997.

H. On February 26, 1997 FTB continued its deed of trust sale to March 19, 1997.

I. On March 19, 1997 FTB continued its deed of trust sale to April 16, 1997.

J. On April 16, 1997 FTB continued its deed of trust sale to May 14, 1997.

K. On May 14, 1997 FTB continued its deed of trust sale to June 11, 1997.

12. Neither Duncan nor his counsel received oral or written notice of the FTB deed of trust sale ultimately held on June 11, 1997. The only notice provided by FTB, Fannie Mae, their attorneys, employees or agents concerning the June 11, 1997 deed of trust sale was the oral notice provided at the front entrance of the Maricopa County, Superior Court on May 14, 1997, in accordance with A.R.S. § 33–810(B).

13. The closing date for such sale has been moved to July 31, 1997. All parties concerned understand and believe the Marquarts will likely cancel this purchase contract if the sale does not close by July 31, 1997.

14. On June 24, 1997 Duncan sent to the Internal Revenue Service his request, pursuant to IRS Publication 783, for a compromise of the Internal Revenue Service's involuntary lien against the property. The IRS informed Duncan's counsel that it will not involve itself in the process of its asserted lien against the property unless and until this case is either closed, the property abandoned or this Court enter its order approving the sale of this property.

WHEREFORE, FTB and Duncan respectfully request this Court enter its order regarding Duncan's application to vacate the June 11, 1997 deed of trust sale and FTB's objection to Duncan's application.