In re Sharon L. FRITZ, Debtor.

**WASHINGTON MUTUAL**
**et al., Appellants,**

v.

**Sharon L. FRITZ, Appellee.**

No. CS–96–391–FVS.

United States District Court,
E.D. Washington,
at Spokane.

June 6, 1997.

Order Granting Reconsideration
in Part Sept. 5, 1997.

Order Denying Reconsideration
Feb. 20, 1998.

Bernard William McNallen, Frank C. King, Spokane, WA, for Plaintiff.

Laurin Shirley Schweet, Suttell & Schweet, Mercer Island, WA, for Washington Mutual Savings Bank.

Willard Hatch, Foster Pepper & Shefelman, for Defendants.

Michael Ramsey Scott, Gary M. Fallon, Hillis Clark Martin & Peterson, Seattle, WA, for Washington Savings League and Washington Mortgage Lenders Association, amicus.

## ORDER REVERSING DECISION TO AWARD DAMAGES

VAN SICKLE, District Judge.

**THIS MATTER** involves cross appeals from the decision of a bankruptcy court judge. Sharon L. Fritz is represented by Bernard W. McNallen and Frank C. King. Washington Mutual Bank and H & L Services, Inc. are represented by Laurin S. Schweet and Laura J. Brackett. Arthur R. Thompson and Darlene D. Thompson are represented by Michael J. Paukert. Amici Curiae Washington Mortgage Lenders Association and Washington Savings League are represented by Michael R. Scott, Gary M. Fallon, and Joseph M. Ahern.

### BACKGROUND

Washington Mutual Bank loaned money to Ms. Sharon L. Fritz to purchase a house. The note was secured by a deed of trust. When Ms. Fritz defaulted on the loan, the trustee, H & L Services, Inc., scheduled a foreclosure sale for July 1, 1994.

On May 20, 1994, Ms. Fritz filed a Chapter 13 bankruptcy.

On July 1, 1994, a representative of H & L Services appeared at the place scheduled for the foreclosure sale. Although Ms. Fritz was aware of the sale, she did not attend. The H & L representative issued a public proclamation continuing the sale until August 26, 1994.

On July 13, 1994, Ms. Fritz's Chapter 13 bankruptcy case was dismissed.

On August 26, 1994, H & L Services conducted a foreclosure sale. Ms. Fritz was unaware of the sale and did not attend. Her house was purchased by Arthur R. Thompson and Darlene D. Thompson.

On October 24, 1994, Ms. Fritz filed a Chapter 7 bankruptcy. She instituted an adversary proceeding two months later seeking to void the foreclosure sale.

Ms. Fritz's adversary proceeding was tried before Judge John M. Klobucher. He ruled that Washington Mutual and H & L Services violated the automatic stay by using a public proclamation to continue the foreclosure sale. (Letter Opinion of September 18, 1995, at 11.) As a result, he went on to award damages to Ms. Fritz. Both sides appeal. This Court has jurisdiction under 28 U.S.C. § 158(a).

## CONTINUING THE FORECLOSURE SALE BY PUBLIC PROCLAMATION

■ Washington Mutual and H & L Services (together with amici curiae) argue that Judge Klobucher erred by ruling that they violated the automatic stay. According to them, his ruling is contrary to Ninth Circuit precedent and the decisions of a majority of district and bankruptcy courts. In addition, they argue that his ruling is contrary to public policy because it would make the process of foreclosing on deeds of trust in this state unduly expensive and time consuming.

220

In *First Nat'l Bank of Anchorage v. Roach (In re Roach)*, 660 F.2d 1316, 1318 (9th Cir. 1981), the Ninth Circuit held that a creditor who published notice postponing a foreclosure sale did not violate the automatic stay because doing so "merely maintained the status quo...." Judge Klobucher acknowledged that *Roach* is the law of this circuit, but questioned whether the circuit court would extend that case beyond its facts. Instead, he looked to *Tome v. Baer (In re Tome)*, 113 B.R. 626 (Bankr.C.D.Cal.1990), and *In re Acosta*, 181 B.R. 477 (Bankr. D.Ariz.1995). In the former, the creditor postponed a foreclosure sale several times—conducting the sale after obtaining relief from the automatic stay. *In re Tome*, 113 B.R. at 628. Because the bankruptcy case was still pending, Judge Bufford reasoned that the estate had a continuing interest in the property. *Id.* at 632. Given those facts, he held that a creditor must satisfy bankruptcy notice requirements before conducting a foreclosure sale, even after obtaining relief from the automatic stay. *Id.* at 636. *Acosta* differed from *Tome* in an important respect. In *Acosta*, the bankruptcy case was dismissed after an oral postponement but before the foreclosure sale. 181 B.R. at 478. Nevertheless, Judge Mooreman ruled, "Due process requires actual notice be given to a debtor prior to a Trustee's Sale which is scheduled to occur after stay relief or the dismissal of a bankruptcy case." *In re Acosta*, 181 B.R. at 479.

After Judge Klobucher issued his opinion, the Ninth Circuit emphasized the continuing validity of *Roach*. Quoting from *Barry v. BA Properties, Inc. (In re Barry)*, 201 B.R. 820, 823 (C.D.Cal.1996), the circuit court said, "'[A] creditor may postpone a foreclosure sale after a debtor files a bankruptcy petition without violating the automatic stay.'" *Mason–McDuffie Mortgage Corp. v. Peters (In re Peters)*, 101 F.3d 618, 619 (9th Cir.1996) (per curiam). Thus, with all due respect, Judge Klobucher erred by minimizing the effect of *Roach*. Moreover, both *Tome* and *Acosta* have been criticized sharply. *See, e.g., Jauregui v. Ricci (In re Jauregui)*, 197 B.R. 673, 675 (Bankr.E.D.Cal.1996) (collecting cases rejecting *Tome*); *In re Stober*, 193 B.R. 5, 10 (Bankr.D.Ariz.1996) (*Acosta* "ex-

tends additional post-dismissal bankruptcy protections to former debtors, although the intent of 11 U.S.C. § 349 provides that the effect of a dismissal requires only a return to the status quo").

Here, Washington Mutual and H & L Services did no more than maintain the status quo by continuing the foreclosure sale by public proclamation. After *Peters*, such a course of conduct cannot be viewed as a violation of the automatic stay.

Furthermore, even if *Tome* can be reconciled with *Roach* and *Peters*, *Tome* is factually distinguishable from this case. In *Tome*, the Chapter 13 case was pending when the foreclosure sale occurred. 113 B.R. at 627–28. Thus, it was at least arguable that the bankruptcy estate had a continuing interest in the property. *In re Barry*, 201 B.R. at 824–25. Here, by contrast, Ms. Fritz's case was dismissed before H & L Services conducted the sale. As a result, "the rational underpinning *Tome* does not apply." *Id.* at 825.

In view of the foregoing it is unnecessary to address the policy considerations cited by Washington Mutual, H & L Services, and amici curiae. Judge Klobucher's decision awarding damages to Ms. Fritz based upon a violation of the automatic stay must be reversed.

**WASHINGTON FORECLOSURE LAW**

Ms. Fritz alleges that H & L Services failed to comply with Washington's foreclosure statutes. *See Koegel v. Prudential Mut. Sav. Bank*, 51 Wash.App. 108, 113, 752 P.2d 385, *rev. denied*, 111 Wash.2d 1004 (1988) (a person challenging a nonjudicial foreclosure must demonstrate both noncompliance and prejudice). She argues that Judge Klobucher erred by ruling that the foreclosure sale complied with Washington law.

The Court questions whether the matter of compliance with state foreclosure law should be reviewed at this juncture given Judge Klobucher's comments about that issue. His first said, "It is not disputed by the plaintiff that the sale was conducted in accord with applicable Washington statutes." (Letter Opinion of September 18, 1995, at 2.) Be-

cause Judge Klobucher assumed that Ms. Fritz was not challenging H & L Services' compliance with Washington foreclosure law, he focused on whether continuing the foreclosure sale by public proclamation violated the automatic stay. Indeed, he made the following comment in that regard, "The sole issue addressed is this opinion is whether or not the 'public proclamation' process of continuing foreclosure sales during the pendency of a bankruptcy proceeding is violative of the automatic stay imposed by 11 U.S.C. § 362." *Id.* at 3. Now, it is true that Judge Klobucher returned to the subject near the end of his opinion. He wrote, "This Court has found and concluded that the deed of trust foreclosure statutes were literally complied with in this case." *Id.* However, since Judge Klobucher specifically refrained from discussing the matter of H & L Services' compliance with Washington foreclosure law, and Ms. Fritz has cited no findings or conclusions in that regard, it would be difficult to conduct meaningful review. The better course is to remand the matter to Judge Klobucher for entry of findings and conclusions.

**IT IS HEREBY ORDERED:**

1. Judge Klobucher's decision awarding damages to Ms. Fritz based upon a violation of the automatic stay is reversed.

2. This matter is remanded to Judge Klobucher for entry of findings and conclusions with respect to whether H & L Services, Inc., complied with Washington's foreclosure statutes in conducting the foreclosure sale challenged by Ms. Fritz.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

## ORDER RE MOTION FOR RECONSIDERATION

**THIS MATTER** comes before the Court based upon Sharon L. Fritz's motion for reconsideration (Ct. Rec. 34). She is represented by Bernard W. McNallen and Frank C. King. Washington Mutual Bank and H & L Services, Inc. are represented by Laurin S. Schweet and Willard Hatch.

## BACKGROUND

Sharon L. Fritz argues that Bankruptcy Judge John M. Klobucher issued two rulings with respect to the nonjudicial foreclosure sale she challenges: (1) that Washington Mutual Bank and H & L Services violated the automatic stay by continuing the sale by means of a public proclamation; (2) that H & L conducted the sale in accordance with Washington law. In its order of June 6, 1997, the Court reversed Judge Klobucher's ruling with respect to the automatic stay, and remanded the second matter to bankruptcy court for entry of findings and conclusions. Ms. Fritz moves the Court to reconsider its decision to remand the second matter. She argues that the record is sufficient to permit the Court to determine whether the foreclosure sale was conducted in accordance with Washington law.

In that regard, the record reflects that H & L Services originally scheduled the Fritz foreclosure sale for July 1, 1994. In order to conduct a valid sale on that date, H & L had to publish notice of the sale "once on or between the thirty-second and twenty-eighth day before the date of sale, and once on or between the eleventh and seventh day before the date of sale...." RCW 61.24.040(3). Ms. Fritz alleges that H & L failed to do so. In their respective responses to her motion for reconsideration, neither Washington Mutual nor H & L cites any evidence to the contrary.

Assuming *arguendo* that H & L Services completed the requirements necessary to hold the Fritz nonjudicial foreclosure sale on July 1, 1994, H & L was entitled to continue the sale "for any cause [it] deem[ed] advantageous ... for a period or periods not exceeding a total of one hundred twenty days...." RCW 61.24.040(6). However, H & L had to give notice of the continuance. Under Washington law, H & L could have given notice either by issuing:

a public proclamation at the time and place fixed for sale in the notice of sale or, alternatively, by giving notice of the time and place of the postponed sale in the manner and to the persons specified in RCW 61.24.040(1)(b), (c), (d), and (e) and publishing a copy of such notice once in the

newspaper(s) described in RCW 61.24.040(3), more than seven days before the date fixed for sale in the notice of sale. RCW 61.24.040(6). Ms. Fritz alleges that H & L elected to utilize the second option. In their respective responses to her motion for reconsideration, neither Washington Mutual nor H & L denies that allegation.

Assuming H & L elected to utilize the second option, it had to give "notice of the time and place of the postponed sale in the manner and to the persons specified in RCW 61.24.040(1)(b), (c), (d), and (e)...." RCW 61.24.040(6). The notice had to include the "cure" date, *i.e.*, the deadline for curing defaults in order to prevent a foreclosure sale. RCW 61.24.040(1)(f).[1] Ms. Fritz alleges that the notice H & L published prior to the actual sale date did not include the correct cure date. In their respective responses to her motion for reconsideration, neither Washington Mutual nor H & L denies that allegation.

**RULING**

Based upon the evidence Ms. Fritz cites in her motion for reconsideration, and the fact that neither Washington Mutual nor H & L Services denies her allegations or cites any evidence to the contrary, reconsideration may be appropriate. If she is correct, not only did H & L Services fail to publish any notice of the foreclosure sale prior to the original sale date, but the notice H & L published prior to the actual sale date was misleading.

**IT IS HEREBY ORDERED:**

1. Sharon L. Fritz's motion for reconsideration (**Ct. Rec. 34**) is granted in part. The Court will reconsider its decision to remand for entry of findings and conclusions unless Washington Mutual and H & L Services can cite evidence in the record rebutting the allegations summarized above.

2. On or before September 26, 1997, Washington Mutual and H & L Services shall file and serve supplemental responses to Ms. Fritz's motion for reconsideration.

3. On or before October 10, 1997, Ms. Fritz shall file and serve a supplemental reply to the supplemental responses of Washington Mutual and H & L Services.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

ORDER DENYING RECONSIDERATION

**THIS MATTER** came before the Court based upon a motion for reconsideration filed by Ms. Sharon L. Fritz. She is represented by Bernard W. McNallen and Frank C. King. Washington Mutual Bank is represented by Laurin S. Schweet. H & L Services, Inc., is represented by William Hatch.

**BACKGROUND**

Washington Mutual Savings Bank (hereinafter "Washington Mutual") loaned money to Ms. Sharon L. Fritz to purchase a house. The note was secured by a deed of trust. When Ms. Fritz defaulted on the loan, Washington Mutual and H & L Services, Inc. (hereinafter "H & L") scheduled a foreclosure sale for July 1, 1994, and allegedly caused notices of the sale to be published.

On May 20, 1994, Ms. Fritz filed a Chapter 13 bankruptcy.

On July 1, 1994, a representative of H & L appeared at the place scheduled for the foreclosure sale. Although Ms. Fritz was aware of the sale, she did not attend. The H & L representative issued a public proclamation continuing the sale until August 26, 1994.

On July 13, 1994, Ms. Fritz's Chapter 13 bankruptcy case was dismissed.

On July 28, 1994 and August 18, 1994, revised notices of the foreclosure sale were published at the direction of Washington Mutual and H & L. According to Washington Mutual, the revised notices stated in pertinent part:

NOTICE IS HEREBY GIVEN that the undersigned Trustee will on the first day

---

1. The grantor of a deed of trust may stop a nonjudicial foreclosure sale by curing the defaults set forth in the notice of sale. Defaults must be cured "prior to the eleventh day before the date set by the trustee for the sale in the recorded notice of sale, or in the event the trustee continues the sale pursuant to RCW 61.24.040(6), at any time prior to the eleventh day before the actual sale,...." RCW 61.24.090.

of July, 1991, (POSTPONED TO) August 26, 1994, . . .

> . . . the sale may be terminated any time after June 20, 1994, (11 days before the sale date), and before the sale by the grantor or the grantor's successor-in-interest or the holder of any recorded junior lien or encumbrance paying the entire principal and interest secured by the Deed of Trust, plus costs, fees, and advances, if any, made pursuant to the terms of the obligation and/or Deed of Trust and curing all other faults [sic]. (Due to postponement of Trustee's Sale 11th day before sale is now August 15, 1994) . . .

(Washington Mutual's Supplemental Memorandum in Response to Debtor's Motion for Reconsideration at 6–7.) (Emphasis removed.)

On August 26, 1994, Washington Mutual and H & L conducted a foreclosure sale. Ms. Fritz was unaware of the sale and did not attend. Her house was purchase by Arthur R. Thompson and Darlene D. Thompson.

On October 24, 1994, Ms. Fritz filed a Chapter 7 bankruptcy. She instituted and adversary proceeding two months later seeking to void the foreclosure sale. Her adversary complaint alleged, among other things, that the sale was a fraudulent conveyance under 11 U.S.C. § 548(a)(2).

Ms. Fritz's adversary proceeding was tried before Judge John M. Klobucher. Neither side presented evidence with respect to whether Washington Mutual and H & L arranged for foreclosure notices to be published prior to the original sale date. When counsel for Ms. Fritz cited the absence of such evidence as a ground for setting aside the foreclosure sale, counsel for the Thompsons offered to supplement the record. In response, Judge Klobucher said:

> I will acknowledge your offer of proof, and if I felt that that were a critical issue on which the case might turn, I would permit you to reopen it and reintroduce it. But I really don't feel that way. I don't feel that's a critical element to the case.

*Id.* at 5 (quoting trial transcript).

Ultimately, Judge Klobucher ruled that the foreclosure sale was conducted in accordance with state law, but that Washington Mutual and H & L violated the automatic stay by continuing the sale by means of a public proclamation. Based upon those rulings, Judge Klobucher awarded damages to Ms. Fritz.

On appeal, this Court reversed Judge Klobucher's ruling concerning the automatic stay and remanded the matter to him for entry of findings and conclusions with respect to whether the foreclosure sale was conducted in accordance with Washington law.

Ms. Fritz moves the Court to reconsider the second prong of its decision. She argues that reconsideration is warranted for either of two reasons. For one thing, she maintains that Washington Mutual and H & L failed to prove that they arranged for notice of the original foreclosure sale to be published in the manner required by RCW 61.24.040(3). For another thing, she maintains that the revised notices published on July 28, 1994, and August 18, 1994, were misleading.

### ABSENCE OF EVIDENCE

RCW Chapter 61.24 establishes a procedure for the nonjudicial foreclosure of deeds of trust. *See generally Cox v. Helenius,* 103 Wash.2d 383, 387, 693 P.2d 683 (1985) (listing objectives of Washington's deed of trust act). The Washington Court of Appeals has held that RCW Chapter 61.24 must be construed strictly in favor of the borrower. *Koegel v. Prudential Mutual Savings Bank,* 51 Wash. App. 108, 111, 752 P.2d 385, *rev. denied,* 111 Wash.2d 1004 (1988). Since Washington's deed of trust act must be construed strictly, Ms. Fritz argues that Washington Mutual and H & L bear the burden of demonstrating that they complied with the notice requirements of RCW 61.24.040(3). Since there is no evidence in the record on that point, Ms. Fritz argues that Washington Mutual and H & L have failed to carry their burden and that the foreclosure sale must be set aside.

Ms. Fritz is partially correct. Washington's deed of trust statute must be construed strictly. However, that does not mean Washington Mutual and H & L bear either the initial burden of production or the

ultimate burden of persuasion. To understand why that is so, one must consider the context in which this issue is being raised.

In certain circumstances, a bankruptcy trustee may challenge a pre-petition foreclosure sale under 11 U.S.C. § 548(a)(2). Neither Washington Mutual nor H & L contests Ms. Fritz's standing to exercise the powers conferred by that statute. *Cf. Hollar v. United States (In re Hollar)*, 174 B.R. 198, 203 (M.D.N.C.1994) (discussing the split of authority on that issue). Thus, at this juncture, it is undisputed that Ms. Fritz has standing under § 548(a)(2) to challenge the sale of her home.

A bankruptcy trustee may avoid a pre-petition transfer under § 548 "if the trustee can establish (1) that the debtor had an interest in property; (2) that a transfer of that interest occurred within one year of the filing of the bankruptcy petition; (3) that the debtor was insolvent at the time of the transfer or became insolvent as a result thereof; and (4) that the debtor received 'less than a reasonably equivalent value in exchange for such transfer.'" *BFP v. Resolution Trust Corporation*, 511 U.S. 531, 535, 114 S.Ct. 1757, 1760, 128 L.Ed.2d 556 (1994). Here, it is the fourth element of Ms. Fritz's fraudulent conveyance claim which is at issue. *See* Appellee's Brief in Support of Cross–Appeal ("Fritz is entitled to the difference in what her home was worth, $107,445.00 and the amount it sold for, $56,741.11 ...").[1]

In *BFP*, the Supreme Court held that "a fair and proper price, or a 'reasonably equivalent value,' for foreclosed property, is the price in fact received at the foreclosure sale, so long as all the requirements of the State's foreclosure law have been complied with." *Id.* at 545, 114 S.Ct. at 1765. Given the Court's holding, it is clear that state law plays an important role in determining whether a foreclosure sale represents a fraudulent conveyance. As Justice Scalia explained:

> Any irregularity in the conduct of the sale that would permit judicial invalidation of the sale under applicable state law deprives the sale price of its conclusive force under § 548(a)(2), and the transfer may be avoided if the price received was not reasonably equivalent to the property's actual value at the time of the sale (which we think would be the price that would have been received if the foreclosure sale had proceed according to law).

*Id.*

The Ninth Circuit emphasized that point in *Lindsay v. Beneficial Reinsurance Co. (In re Lindsay)*, 59 F.3d 942 (9th Cir.1995), *cert. denied,* 516 U.S. 1074, 116 S.Ct. 778, 133 L.Ed.2d 730 (1996). In that case, two limited partnerships borrowed $1.4 million from an insurance company to invest in an apartment complex. Later, the limited partnerships sold the apartment complex to an investment company. *Id.* at 945. In due course, the investment company filed for bankruptcy. The insurance company obtained relief from the automatic stay, foreclosed on a deed of trust issued by the limited partnerships to secure their note, and purchased the apartment complex at a foreclosure sale. *Id.* at 946. The limited partnerships and certain other parties sued the insurance company in bankruptcy court, alleging, among other things, that the foreclosure was a fraudulent conveyance under § 548(a). Concerning that allegation, the circuit court said:

> Under *BFP*, [the insurance company] was entitled to judgment as a matter of law that the foreclosure sale was not a fraudulent conveyance, so long as "all the requirements of the State's foreclosure law have been complied with." *BFP*, 511 U.S. at 531, 114 S.Ct. at 1758. It could be set aside only if there were "irregularity in the conduct of the sale that would permit judicial invalidation of the sale under applicable state law." *Id.* Even if there were such an irregularity, that alone would not permit setting aside the foreclosure sale as a fraudulent conveyance. It would only destroy the irrebuttability of the presumption that the price was "reasonably equivalent value." The transfer could then be avoided if the price received was not rea-

1. Ms. Fritz does not discuss § 548(a) in the brief quoted above. She focuses, instead, upon whether Washington Mutual and H & L complied with state law. Nevertheless, the fact that Ms. Fritz is complaining that her home was sold for approximately one-half its alleged fair market value suggests that the purpose of her state-law analysis is to support a fraudulent conveyance claim.

sonably equivalent to "the price that would have been received if the foreclosure sale had proceeded according to law." *Id.*

*Lindsay*, 59 F.3d at 948.

As *BFP* and *Lindsay* illustrate, Ms. Fritz is entitled to challenge the lender's compliance with Washington's deed of trust act. Neither Washington Mutual nor H & L disputes that. Instead, the real issue is whether it is Ms. Fritz who bears the burden of persuasion in this issue, or whether that burden falls upon the lender.

As noted above, it is the bankruptcy trustee who bears the burden of persuasion when bringing a fraudulent conveyance claim under § 548(a)(2). *BFP*, 511 U.S. at 535, 114 S.Ct. at 1760. Since Ms. Fritz is bringing a fraudulent conveyance claim under § 548(a)(2), it stands to reason that she, too, bears the burden of persuasion. *See Mellon Bank, N.A. v. Official Committee of Unsecured of R.M.L., Inc. (In re R.M.L., Inc.)*, 92 F.3d 139, 144 (3rd Cir.1996) (committee of unsecured creditors bore the burden of persuasion under § 548(a)(2)). Thus it is she who must establish that Washington Mutual and H & L failed to comply with state law.

At this juncture, there is no evidence in the record with respect to whether Washington Mutual and H & L arranged for foreclosure notices to be published prior to the original sale date. The responsibility for that omission lies with Ms. Fritz, not Washington Mutual and H & L. Consequently, she cannot rely upon the absence of such evidence as a basis for challenging the validity of the foreclosure sale under 548(a)(2). It follows that the first of her two arguments fails.

**REVISED NOTICES**

In the alternative, Ms. Fritz argues that the revised foreclosure notices published on July 28, 1994, and August 18, 1994, respectively, were misleading. She complains that they contained an incorrect "cure" date, *i.e.*, the deadline for curing defaults in order to prevent a foreclosure sale. RCW 61.24.040(a)(f).[2]

2. The grantor of a deed of trust may stop a nonjudicial foreclosure sale by curing the defaults set forth in the notice of sale. Defaults must be cured "prior to the eleventh day before the date set by the trustee for the sale in the

The record reflects that the revised notices contained both the original cure date and a revised cure date. A person reading each notice in its entirety would have received fair warning of the correct cure date.

**CONCLUSION**

Judge Klobucher was correct in determining that the Fritz foreclosure sale was conducted in accordance with Washington law. It is unnecessary to remand this matter to bankruptcy court for further findings in that regard. Ms. Fritz's appeal of that prong of Judge Klobucher's decision will be denied.

**IT IS HEREBY ORDERED:**

Sharon L. Fritz's Motion for Reconsideration (Ct. Rec. 40) is DENIED.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

