In re Susie Gertrude Thompson ELLIS, Debtor.

Susie Gertrude Thompson ELLIS, Appellant,

v.

Collette A. PARR and Candiece Lindstrom, Appellees.

BAP No. CC–85–1019–AbVM.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued June 21, 1985.
Decided Dec. 23, 1985.

William J. Middleton, Beverly Hills, Cal., for appellant.

Ronald D. Roup, Orange, Cal., for appellees.

Before ABRAHAMS, VOLINN and MEYERS, Bankruptcy Judges.

## OPINION

SEYMOUR J. ABRAHAMS, Bankruptcy Judge:

The debtor (Ellis) appeals from an order of the bankruptcy court granting relief from the automatic stay after confirmation of her Chapter 13 plan. We affirm.

### FACTS

Ellis executed a note and deed of trust in favor of appellees Collette A. Parr and Candiece Lindstrom for the unpaid portion of the purchase price of her residence. The note called for monthly payments of $1,000 beginning in October 1982. Because Ellis made no payments, appellees started the foreclosure process by recording a notice of default on January 4, 1983.

Ellis filed this Chapter 13 case on March 30, 1983. Her Chapter 13 plan provided that the trust deed arrearages of $6,250 would be paid over 36 months. The $1,000 current monthly payments—the maintenance payments of 11 U.S.C. § 1322(b)(5)—were to be paid directly to appellees. The plan was confirmed on May 23, 1983.

On August 1, 1984, appellees began the present relief from stay proceeding by filing and serving a verified complaint.[1] Appellees alleged that Ellis had not made the $1,000 current monthly payments since

---

1. Relief from stay was sought in an unusual manner, i.e. by filing a complaint and not by motion. *Cf.* Bankr. R. 4001(a) ("A request for relief from an automatic stay ... shall be made in accordance with Rule 9014."); Bankr. R. 9014 ("In a contested matter ... relief shall be requested by motion...."). The summons was issued over the name of the bankruptcy judge although the rules direct the clerk to issue the summons. Bankr. R. 7004(a); Fed.R.Civ.Proc. 4(b). Verification of the complaint was unnecessary. Bankr. R. 9011(b).

February 1984 and owed $4,750.[2] The bankruptcy judge heard the matter on August 29, 1984. Although we were not provided with a reporter's transcript of the hearing, at oral argument the parties agreed as to what happened before the bankruptcy judge: Ellis admitted that the maintenance payments had not been paid. She tendered a check for the amount the complaint specified was due, although two additional maintenance payments had become due after the complaint was filed. The bankruptcy judge granted partial relief from the automatic stay, ruling that appellees could proceed with foreclosure but could not hold a foreclosure sale if Ellis (a) paid the two outstanding maintenance payments within two weeks and (b) promptly made all future payments. Ellis appeals from this order.

## DISCUSSION

### I.

■ Ellis broadly contends that 11 U.S.C. § 1327[3] means that a creditor can never obtain relief from the automatic stay of 11 U.S.C. § 362 after confirmation of a Chapter 13 plan. We think the issue is much narrower. Ellis did not identify the subsection of section 1327 that provides authority for her position. Subsection 1327(c) states that property of the estate vesting in the debtor is free and clear of any claim or interest of any creditor provided for by the Chapter 13 plan. That subsection, however, does not apply unless the property has vested in the debtor. Under subsection 1327(b), a plan may provide that property of the estate does *not* vest in the debtor. Ellis' confirmed plan stated: "Property of the estate shall revest in the

Debtor at such time as a discharge is granted or the case is dismissed." The case has not been dismissed and a discharge cannot be granted until the terms of the plan have been completed. 11 U.S.C. § 1328(a). Therefore, subsections 1327(b) and (c) do not apply, and Ellis' argument can only be based on subsection 1327(a). The principal issue presented by this appeal is the extent to which section 1327(a) affects relief from stay based on a post-confirmation default.

■ Under subsection 1327(a), the provisions of a confirmed plan bind the debtor and each creditor, whether or not such creditor has objected to, has accepted, or has rejected the plan. We previously held that subsection 1327(a) barred post-confirmation relief from stay based on grounds arising *before* confirmation. *In re Evans*, 30 B.R. 530 (Bankr. 9th Cir.1983). *Evans* was limited to facts "absent a post-confirmation default in carrying out the plan." *Id.* at 531. In *Evans*, we concluded that there was a res judicata effect as to the issues that could have been decided at confirmation, including "adequate protection, lack of equity, and necessity for successful reorganization." *Id.* Post-confirmation defaults would not be considered at the confirmation hearing and are therefore not subject to res judicata flowing from the order.

Ellis relies upon *In re Brock*, 6 B.R. 105, 107 (Bankr.N.D.Ill.1980), as holding that creditors' only remedies after confirmation are conversion and dismissal motions. Because the plan in *Brock* vested the property of the estate in the debtor, that case involves subsection 1327(c) issues that are not present in this appeal.[4] Ellis has not

---

**2.** The status of the debtor's plan payments is not clear from the record.

**3.** (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirma-

tion of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan. 11 U.S.C. § 1327.

**4.** It is not necessary to decide what effect 11 U.S.C. § 1327(c) might have had if the property of the estate vested in Ellis under her Chapter

raised a persuasive argument as to why the reasoning of *Brock* should be extended beyond its facts. There is obvious reason why it should not be extended. If there is a post-confirmation default, relief from stay is a simpler and less drastic remedy than dismissal or conversion. For example, a plan that includes a secured creditor might not be feasible, but a plan without that creditor could be feasible and provide desirable protection for the unsecured creditors. Ellis would deprive the bankruptcy court of this remedy.

■ We hold that relief from stay after confirmation of a Chapter 13 plan is not barred here by section 1327(a) because the relief is based on defaults in post-confirmation payments.

## II.

■ The bankruptcy court may grant relief from stay "for cause, including the lack of adequate protection of an interest in property." 11 U.S.C. § 362(d)(1). Failure to make post-confirmation payments can constitute cause for lifting the stay. *E.g., In re Quinlan*, 12 B.R. 516 (Bankr.W.D. Wis.1981); *cf. In re Pizzullo*, 33 B.R. 740 (Bankr.E.D.Pa.1983). Ellis failed to make seven of the monthly payments after confirmation. Late or erratic payments—even with interest—are often not of equal practical value to one who relies on a steady income stream, particularly noninstitutional lenders as here.

■ Ellis contends that the stay can only be terminated if appellees show a lack of adequate protection. This argument, although frequently made, completely misconstrues essential elements of relief from stay litigation. First, the proponent of the stay—the debtor here—has the burden of showing that there is no cause to terminate the stay. *See, e.g., In re Gauvin*, 24 B.R. 578 (Bankr. 9th Cir.1982). Second, under section 362(d)(1), the stay must be terminat-

ed for "cause." Lack of adequate protection is but one example of "cause" for relief from stay.[5]

Ellis cites *In re Shriver*, 33 B.R. 176, 180 (Bankr.N.D.Ohio 1983): "the mere failure to have made regular mortgage payments for an extended period of time does not constitute 'cause' under § 363(d)(1) for granting relief from stay." That statement was a factual determination in a trial judge's opinion. It must be limited to the facts of that Chapter 11 case where there was a prospect of future rehabilitation and plan confirmation. The record here does not show any evidence negating cause.

■ We cannot, on the record before us, hold clearly erroneous the bankruptcy judge's determination that cause existed for terminating the automatic stay.

## III.

### A.

■ When the Chapter 13 petition was filed, four days remained in the three month mortgage reinstatement period allowed by section 2924c(a) of the California Civil Code. Although Ellis did not raise the issue in the trial court, she contends on appeal, without analysis or citation of relevant authority, that the automatic stay tolled this three month period. We do not rule on that issue here. Even if the period were tolled, Ellis would have had only four days to reinstate after relief was granted. The bankruptcy judge gave her two weeks. Under California law she would have had to cure both pre- and post-petition defaults within the four days, not merely the post-petition monthly payments as the bankruptcy judge authorized. Accordingly, the ruling does not harm her.

### B.

■ Ellis asserts that the order is unconstitutionally vague because the meaning

---

13 plan. *See 5 Collier on Bankruptcy* (15th ed. 1985) ¶ 1327.01[3].

**5.** On request of a party in interest and after notice and a hearing, the court shall grant relief from the [automatic stay], such as by terminat-

ing, annulling, modifying, or conditioning such stay ... (1) for cause, including the lack of adequate protection of an interest in property of such party in interest. 11 U.S.C. § 362(d)(1).

of "hold a foreclosure sale" is uncertain. Relief from stay to "hold a foreclosure sale" here merely allows the parties to pursue whatever foreclosure rights they may have under California foreclosure law. In any case, stay litigation is not the proper vehicle for determination of the nature and extent of those rights. *Cf. In re T.R. Axton, Sr., Corporation*, 641 F.2d 1262, 1270–71 (9th Cir.1981).

### C.

 Ellis raises the spectre that, under the bankruptcy judge's ruling, an honest mistake could lead to the sale of her home. Apparently, she is complaining that the ruling puts her to the peril of either complying fully with the terms of her plan or facing the usual risk of foreclosure that mortgagors and trustors face. Assuming that Ellis makes the required payments within the two weeks provided by the bankruptcy judge, a foreclosure based on future defaults would require at least a new twenty day notice period. Cal.Civ.Code § 2924f. Even if confusion arises during the two weeks Ellis was given for reinstatement, she can seek an appropriate remedy in the bankruptcy or state court. We find no error in this aspect of the order.

### D.

Ellis strenuously argues that the order forces her to bear the burdens of Chapter 13 without receiving the benefits of the automatic stay. Obviously, the automatic stay is an important benefit of Chapter 13, but it need not last forever. Generally, it is the debtor's responsibility to show that the statutory requirements for continuation of the stay are met. 11 U.S.C. § 362(g). We do not understand her argument that the burdens exceed the benefits in this case. The only burden on Ellis is to make payments under the plan that she proposed, a plan that was found feasible at her request. 11 U.S.C. § 1325(a)(6). If she does, she cures the default on the deed of trust and avoids foreclosure. If Ellis believes the burdens of her Chapter 13 are excessive, she is free to dismiss the case.

11 U.S.C. § 1307(b). She is not required to remain in Chapter 13 without the automatic stay.

### IV.

Although there is little merit to several of the points raised by Ellis, we do not believe this is a frivolous appeal and we therefore do not impose sanctions, as appellees urge.

### CONCLUSION

The order of the bankruptcy judge granting appellees relief from the automatic stay is AFFIRMED.