**Florentino MACALMA and Norma Macalma, Plaintiffs,**

v.

**BANK UNITED OF TEXAS, Defendant.**

**No. C–95–2091 DLJ.**

United States District Court, N.D. California.

Dec. 15, 1995.

Marc Voisenato, Oakland, California, for plaintiffs.

Patrick E. Herman, with the Law Office of Gerald R. Moss, El Cajon, California, for defendant.

## ORDER

JENSEN, District Judge.

On December 13, 1995, the Court heard arguments on the parties' cross motions for summary judgment. Having considered the arguments of counsel and the papers submitted, the Court hereby GRANTS defendant's motion for summary judgment and DENIES plaintiff's motion for summary judgment.

## I. BACKGROUND

A. *Factual Background and Procedural History*

Plaintiffs in this action are Florentino and Norma Macalma, debtors in a total of three separate bankruptcy proceedings. The defendant is Bank United of Texas, which held a deed encumbering the plaintiffs jointly owned home located at 4449 Norocco Circle in Fremont, California.

On August 19, 1992, plaintiff Norma Macalma filed a Chapter 11 bankruptcy petition ("First Petition"). On or about August 1, 1993, plaintiffs Norma and Florentino Macalma defaulted on the loan held by defendant Bank United of Texas. Plaintiff Norma Macalma's Chapter 11 reorganization plan was approved by the court on or about August 11, 1993. On April 6, 1994, defendant initiated foreclosure proceedings on the loan by causing a Notice of Default to be recorded.

On July 15, 1994, defendant recorded a Notice of Trustee's Sale and published the notice three times in The Argus, a local newspaper. The sale was scheduled for 12:00 noon on August 9, 1994. On August 8, 1994, at approximately 4:00 p.m., plaintiffs Norma and Florentino Macalma filed a joint Chapter 13 bankruptcy petition ("Second Petition"), triggering an automatic stay under 11 U.S.C. § 362. The scheduled foreclosure sale was postponed from time to time and the postponements were announced by the auctioneer at the time of the scheduled sales.

On January 23, 1995, the Second Petition was converted into a Chapter 11 reorganization. On February 3, 1995, the Bankruptcy Court granted defendant's Motion for Relief from the Automatic Stay, allowing defendant to proceed with the foreclosure sale. The order specified that "the relief granted be effective ... in any bankruptcy petition filed by or against the instant Debtor ... for a period of six (6) months from the date of entry of the order for relief."

On February 28, 1995, defendant held the Trustee's Sale. The Notice of Sale was not republished prior to the sale. Defendant was the highest bidder at the sale.

On April 25, 1995, as a condition precedent to dismissing the plaintiffs' Second Petition (Chapter 11), plaintiff Florentino Macalma filed another bankruptcy petition ("Third Petition") under Chapter 13.

On May 11, 1995, defendant commenced an unlawful detainer action in the Fremont–Newark–Union City Municipal Court. Defendant obtained a default judgment against the plaintiffs on or about June 21, 1995.

On June 23, 1995, plaintiffs filed suit in the United States District Court to set aside the foreclosure sale. Now before this court are the party's cross-motions for summary judgment on that complaint.

B. *Legal Standard for Cross–Motions for Summary Judgment*

The Federal Rules of Civil Procedure provide for summary adjudication when "the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

On cross motions for summary judgment, the burdens faced by the opposing parties vary with the burden of proof they will face at trial. When the moving party will have the burden of proof at trial, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." William W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487–488 (1984).

In contrast, a moving party who will not have the burden of proof at trial need only point to the insufficiency of the other side's evidence, thereby shifting to the nonmoving party the burden of raising genuine issues of fact by substantial evidence. *T.W. Electric v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir.1987) *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Kaiser Cement v. Fischbach and Moore, Inc.*, 793 F.2d 1100, 1103–04 (9th Cir.1986).

## II. ARGUMENTS

### A. Validity of the Foreclosure Sale

Plaintiffs contend that the foreclosure sale initiated by the defendant was invalid because defendant "did not republish a Notice of Trustee Sale" after obtaining relief from the automatic stay triggered by the filing of the Second Petition. Defendants respond that California Civil Code § 2924g governs the publication procedures required for a postponed deed of trust sale and does not require republication of the notice of sale. Plaintiffs claim that federal law has carved out an exception to the California state law procedures of Cal. Civ. Code § 2924g by requiring, in bankruptcy cases only, that a secured creditor republish its notice of trustee sale.

No Ninth Circuit opinion speaks directly to the issue of whether state or federal law governs this question. The Bankruptcy statute and rules also contain no express requirement regarding republication of a notice of sale after a creditor is granted relief from an automatic stay imposed pursuant to a bankruptcy filing. *See In re Tome*, 113 B.R. 626, 632 (Bkrtcy.C.D.Cal.1990). Given this silence, bankruptcy courts have split on the issue of whether a debtor must be given notice of a continued sale date following postponements caused by a bankruptcy filing. *See In re Tome*, 113 B.R. 626 (Bkrtcy. C.D.Cal.1990) (republication required); *Houghton v. First American Capital Bank*, 123 B.R. 869, 874 n. 6 (Bkrtcy.C.D.Cal.1991) (disagreeing with *Tome's* conclusion and finding that in the absence of Federal law on point, applicable state law must be applied); *In re Ellis*, 60 B.R. 432, 436 (9th Cir. BAP 1985) (concluding in dictum that republication would be required). This Court is not, of course, bound by the decision of any bankruptcy court or bankruptcy appellate court panel.

In the absence of settled law in this circuit, the only authority binding on this Court on this issue is provided by the Supreme Court. According to the Supreme Court, in the absence of some federal interest requiring a different result, the interests of a mortgagee should be governed by state law even when an interested party is involved in a bankruptcy proceeding. *Butner v. United States*, 440 U.S. 48, 54–56, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). Plaintiffs argue that the default rule from *Butner* should not apply because (1) *Butner* predated the Bankruptcy Reform Act of 1994; and (2) strong federal interests require a different result.

### 1. Bankruptcy Reform Act

According to plaintiff, the Bankruptcy Reform Act clarified the Congressional intent to modify state laws regarding foreclosure sales. Section 1322 was amended to add a new subsection (c) providing that a Chapter 13 debtor can cure defaults on its principal residence mortgage until the "residence is sold at a foreclosure sale." Plaintiffs contend that implicit in the right to reinstate up

to the time of the foreclosure sale is the right to have notice of the date, time and place of the foreclosure sale and that the defendant's failure to republish the Notice of Sale violated plaintiffs' due process rights.

■ Plaintiffs are correct in noting that notice of a foreclosure sale is necessary to secure a debtor's right of reinstatement. Accordingly, this court would agree that some type of notice is implicitly required when a foreclosure sale is postponed pursuant to the imposition of an automatic bankruptcy stay.

■ This court does not agree, however, that an implied requirement of notice is in any way inconsistent with the California statutory scheme. California law requires that notice be given of any postponement of a foreclosure sale under a deed of trust. *See* Cal.Civ.Code § 2924g(d). Section 2924g(d) of the California Civil Code specifies the type of notice required:

> The notice of each postponement and the reason therefor shall be given by public declaration by the trustee at the time and place last appointed for sale. Such a public declaration of postponement shall also set forth the new date, time and place of sale and the place of sale shall be the same place as originally fixed by the trustee for the sale. No other notice of postponement need be given.

This notice provision adequately serves to inform both the debtor and other potential creditors of the new date, time and place of the foreclosure sale. Although California's notice provision does not require the *type* of notice (republication of the Notice of Sale) now demanded by plaintiffs, it meets the minimum constitutional requirements of due process and provides the attentive debtor with information sufficient to enable reinstatement. As such, this court cannot find that the California statutory scheme is violative of either the interests sought to be protected by the Bankruptcy Reform Act or the requirements of constitutional due process.

### 2. Strong Policy Interests

Plaintiffs contend that there is a strong policy argument in favor of requiring a creditor to republish a notice of sale after obtaining relief from the automatic stay imposed by a bankruptcy. Mirroring the reasoning applied in *Tome,* plaintiffs argue that because a trustee sale may be postponed numerous times while a debtor is in bankruptcy, written notice or republication should be required to prevent the debtor from losing track of the sale dates, and consequently, being unable to exercise their redemption rights.

Although recognizing that written notice would provide a more efficient method of tracking the date, time and place of a foreclosure sale repeatedly postponed during the pendency of a bankruptcy, without explicit authority to the contrary, this court is unwilling to say that either written notice or republication is required under federal law. Defendant correctly points out that debtors who wish to receive written notice of the date, time and place of the foreclosure sale may request the bankruptcy court to order this notice as part of any order granting relief from an automatic stay.

Because the court is unwilling to impose the additional burden of republication upon creditors without explicit authority requiring that result, the plaintiffs' motion for summary judgment as to this issue is DENIED and defendant's motion for summary judgment is GRANTED.

### B. Rule 11 Sanctions

Defendants request Rule Eleven sanctions against plaintiffs. Because plaintiffs have clearly raised a colorable legal claim, Rule 11 sanctions are inappropriate.

### III. CONCLUSION

For the reasons discussed above, plaintiffs' motion for summary judgment is DENIED and defendant's motion for summary judgment is GRANTED.

IT IS SO ORDERED.