**In re Peter P. NGHIEM, Debtor.**

**Peter P. Nghiem, Appellant,**

**v.**

**Hamid Ghazvini, Mujtaba A. Agha, Arees B. Agha, Toribio Valdiri, GMAC Mortgage Corp., Executive Trustee Services, Inc., and Devin Derham–Burk, Chapter 13 Trustee, Appellees.**

**BAP No. NC–00–1580–PKMa.**
**Bankruptcy No 99–56010–JRG.**
**Adversary No. 99–5429–JRG.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on May 17, 2001.

Decided July 10, 2001.

M. Dean Sutton, Fulton Law Firm, San Jose, CA, for Peter P. Nghiem.

Stephen E. Ensberg, Law Offices of Robert Weiss, Covina, CA, for GMAC Mortgage Corporation and Executive Trustee Services, Inc.

Before: PERRIS, KLEIN, and MARLAR, Bankruptcy Judges.

## OPINION

PERRIS, Bankruptcy Judge.

Debtor filed an adversary proceeding seeking to set aside the foreclosure sale of his residence and damages arising out of the creditor's actions connected with the foreclosure. The primary issue is whether a lender must give new notice of a foreclosure sale after a bankruptcy case is dismissed, where a properly noticed sale that was pending at the time the bankruptcy petition was filed was continued in accordance with state law during the pendency of the bankruptcy case. The bankruptcy court held that new notice was not required. We agree that neither California nor federal law requires additional notice. Accordingly, we AFFIRM.

## FACTS

In 1992, debtor borrowed money from GMAC Mortgage Corp.'s (GMAC) predecessor, secured by a trust deed on his residence. After debtor defaulted on his loan obligations, Executive Trustee Services, Inc. (ETS), the loan servicer, gave and recorded a notice of default that advised debtor that his residence would be sold if the default was not cured. Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code,[1] which stayed the foreclosure action. *See* 11 U.S.C. § 362. Debtor received a discharge of his debts. ETS then gave notice that the property would be sold.

Debtor commenced the first of two chapter 13 cases, which again delayed the sale. During the pendency of the chapter 13

---

1. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the  Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

cases, the creditor's representative appeared at the time and place of the scheduled sale and gave oral notice of postponements of the sale. Debtor did not attend any of the scheduled sales at which the postponements were announced.

After the second chapter 13 case was dismissed without a confirmed plan on July 26, 1999, GMAC sent debtor a letter regarding the default on the loan. The letter, dated August 11, 1999, said, as relevant:

> Your account has been transferred to our attorney to begin foreclosure proceedings .... If it's your intent to reinstate your account in full, please contact the attorney below for the reinstatement amounts. *Only the correct amount in the form of certified funds will be acceptable.*
>
> ....
>
> If you cannot afford to reinstate your mortgage there may be alternatives available, to help you avoid foreclosure.... Please contact the Loss Mitigation department immediately!

(Emphasis in original.)

Debtor did not cure the default, and on September 3, 1999, the then-current orally continued sale date, the creditor sold the property to appellees Agha, Valdiri and Ghazvini at a trustee's sale. The deed was recorded on September 13, 1999. Debtor filed this, his third chapter 13 case, the next day.

On September 22, the buyers filed a motion for relief from the automatic stay to prosecute an unlawful detainer action in state court. The bankruptcy court granted relief from the stay; on that same day,

debtor filed a complaint in state court to set aside the trustee's sale, apparently asserting the same claims as those asserted in this adversary proceeding. That complaint was eventually dismissed voluntarily.

Debtor appealed the order granting relief from stay. He did not obtain a stay of the order, and on October 5, 1999 the buyers filed an unlawful detainer action in state court.

On November 17, 1999, debtor filed this adversary proceeding against the buyers, GMAC and ETS (collectively referred to as defendants) to set aside the trustee's sale and for damages. He alleges that the notice of the foreclosure sale was defective and that the August 11 letter misled him into believing that he could cure the default and avoid a sale.

The buyers pursued their unlawful detainer action against debtor, and after a hearing in state court, the court entered a judgment for the buyers on January 3, 2000. Debtor was evicted the next day.

We dismissed the appeal of the order granting the motion for relief from stay as moot, because debtor had been evicted.

In the meantime, the bankruptcy court dismissed the complaint in this adversary proceeding for failure to state a claim, with leave to amend.

Defendants moved for summary judgment on debtor's First Amended Complaint.[2] Debtor did not file any opposition or submit any evidence in response to the summary judgment motion. Although debtor did not appear at the hearing, his

---

**2.** The First Amended Complaint sets out five causes of action, which are captioned as claims to (1) set aside foreclosure sale based on mistake, misrepresentation, deceptive practice and fraud; (2) set aside foreclosure sale on equitable principles; (3) set aside foreclosure sale on constitutional due process grounds; (4) cancel trustee's deed on sale and restore property to plaintiff; and (5) reinstate deeds of trust and note. The complaint also prays for damages on each claim.

lawyer, who had been hired two days earlier, made a general appearance at the hearing, told the court that the property had been resold to a different party, and withdrew the claims to set aside the foreclosure sale.[3]

The court granted summary judgment to defendants on all claims. Debtor appeals.

## ISSUES [4]

■ 1. Whether the creditors were required by either state or federal law to give additional actual notice of the foreclosure sale after debtor's bankruptcy case was dismissed, when they had orally postponed the sale during the pendency of the case.

2. Whether the August letter from GMAC to debtor supports a claim of fraud or estoppel.

## STANDARD OF REVIEW

■ The panel reviews *de novo* an order granting a motion for summary judgment. *In re Baird,* 114 B.R. 198, 201 (9th Cir. BAP 1990). Viewing the evidence in a light most favorable to the non-moving party, the panel determines whether the bankruptcy court correctly found that there are no genuine issues of material

---

3. At oral argument, counsel for debtor clarified that on appeal he is pursuing only the claims for damages, not the claims to set aside the sale.

4. In their brief, defendants ask that they be awarded their costs and attorney fees. A request for sanctions must be made in a separately filed motion. Rule 8020. A request for sanctions in a party's appellate brief is not sufficient. *In re Del Mission Ltd.,* 98 F.3d 1147, 1154 (9th Cir.1996); *Gabor v. Frazer,* 78 F.3d 459, 459 (9th Cir.1996). We therefore deny the request for sanctions.

5. Debtor did not file any opposition to the motion for summary judgment. Although generally an appellate court will not consider

---

fact and that the moving party is entitled to judgment as a matter of law. *Id.; In re De Laurentiis Entertainment Group Inc.,* 963 F.2d 1269, 1271–72 (9th Cir.1992).

## DISCUSSION

1. *The creditors were not required to give actual notice of the continued sale.*

■ Debtor argues that, when a creditor gives notice of a foreclosure sale before the debtor files bankruptcy and the sale is continued by oral proclamation during the pendency of the bankruptcy case, as a matter of state or federal law the creditor must give additional notice of the sale once the bankruptcy case is dismissed.[5]

California law sets out the requirements for a valid non-judicial foreclosure sale. Pursuant to Cal.Civ.Code § 2924, upon default of an obligation secured by a trust deed, the creditor may give and record a notice of default. If the borrower does not cure the default within the time set by statute, the creditor can post and publish a sale date. The notice of sale must be recorded at least 20 days before the sale. Cal.Civ.Code § 2924f. The borrower can cure the default up to five days before the sale. Cal.Civ.Code § 2924c.

---

arguments raised for the first time on appeal, *In re Ehrle,* 189 B.R. 771, 776 (9th Cir. BAP 1995), an appellate court will address arguments that were before the trial court because they were raised and briefed by the opposing party. *See Harrell v. 20th Century Ins. Co.,* 934 F.2d 203, 205 n. 1 (9th Cir.1991).

Defendants argued in their motion for summary judgment that the notice of the trustee's sale was adequate and that the August letter from the lender does not support a claim of fraud. The bankruptcy court addressed both of those issues in ruling on the motion. Therefore, we will address debtor's arguments on appeal.

A sale that has been noticed can be postponed for various reasons, including that the sale has been stayed by operation of law, such as when the borrower files bankruptcy. Cal.Civ.Code § 2924g. The creditor is required to give notice of postponement; that notice may be by public declaration at the time and place set for the sale. *Id.* No further notice of postponement is necessary. Under this procedure, if a sale has been orally postponed during bankruptcy, and the bankruptcy case is dismissed before the date of the postponed sale, the sale can occur on the appointed date, with no further notice to the borrower.

Debtor relies on two bankruptcy trial court decisions, *In re Tome,* 113 B.R. 626 (Bankr.C.D.Cal.1990), and *In re Acosta,* 181 B.R. 477 (Bankr.D.Ariz.1995), for the proposition that additional notice is required beyond that provided by statute. In *Tome,* the secured creditor had scheduled a foreclosure sale on the debtors' California residence. Before the sale could be held, the debtors filed a chapter 13 petition. During the pendency of the bankruptcy case, the creditor orally postponed the sale six times. The debtors were not given any actual notice of the postponements. Eventually, the court granted the creditor relief from the automatic stay to complete the foreclosure. Five days before the scheduled sale, the creditor sold the promissory note and deed of trust to a third party and did not give notice of that sale to the debtors. The debtors obtained refinancing for their home and, the day before the sale, contacted the original creditor to determine the balance due. The creditor told the debtors that the loan had been paid off, but did not tell them who had paid it. By the time the debtors contacted the creditor the next day to follow up, the property had been sold by the purchasers of the trust deed and note.

The debtors sought to set aside the sale, arguing that the oral postponements during the pendency of the bankruptcy case did not provide sufficient notice and therefore violated their due process rights.

The bankruptcy court set aside the foreclosure sale, concluding that, as a matter of bankruptcy law, additional notice was required when property of the estate is sold in foreclosure after oral postponements during the bankruptcy case. The court recognized that California law does not require additional notice, but reasoned by analogy to Bankruptcy Code § 363(b) that the "notice and hearing" requirement for sale of property of the estate by a bankruptcy trustee requires additional notice in order to protect property of the estate. 113 B.R. at 632. The court explained its reasoning:

A debtor in possession under Chapter 13 of the Bankruptcy Code is subject to the same statutory restraint. While the Bankruptcy Code does not specify that another party who sells property of the estate is subject to the same requirement, it does not follow that no notice is required. The Ninth Circuit Bankruptcy Appellate Panel has stated in dictum that a secured creditor who forecloses under California law after obtaining relief from the automatic stay must at least republish the notice of sale. *Ellis v. Parr (In re Ellis),* 60 B.R. 432, 436 (9th Cir. BAP 1985).

113 B.R. at 633 (footnote omitted). The court was concerned that any surplus from the sale was property of the estate, and concluded as a matter of bankruptcy law that "[s]ome procedure is required to assure that a fair foreclosure procedure is followed to give the estate a reasonable opportunity to realize its equity, if any, in the property." *Id.* at 634. The court de-

clined to address the due process argument. *Id.* at 635.

Unlike in *Tome*, in *Acosta* the bankruptcy court reached the due process issue and held that due process required a foreclosing creditor to provide actual notice of a foreclosure sale to debtors whose bankruptcy case had been dismissed, when the sale had been orally postponed during the pendency of the bankruptcy case. 181 B.R. at 479. The court reasoned that failure to give such notice violated due process, because oral notice of postponement of the sale during bankruptcy was not notice reasonably calculated to apprise the parties of the pendency of the sale. *Id.*

Neither *Tome* nor *Acosta* is persuasive. First, the California Court of Appeal has rejected the reasoning of *Tome* and has held that California law does not require additional notice beyond that required by statute. That court said:

> If the secured creditor has fully complied with Civil Code section 2924f before the debtors have filed for bankruptcy, no further notice is required as a matter of law. After obtaining relief from the mandatory stay, [the creditor] was not required to serve, post, publish, or give any further notices of sale to the [debtors] before proceeding with the sale of the property. If the trustee follows the procedure for oral postponements, "no further notice of sale by publication, posting or mailing is otherwise required."

*Tully v. World Savings & Loan Ass'n,* 56 Cal.App.4th 654, 664, 65 Cal.Rptr.2d 545 (1997)(quoting 4 Harry D. Miller & Marvin B. Starr, *Cal. Real Estate* "Deeds of Trusts and Mortgages" at § 9:148 (2d ed.1989)).

Second, *Tome* is distinguishable on its facts. In *Tome,* the property was sold while the bankruptcy case was still pending and the property was property of the estate. Here, in contrast, the property was sold after the case had been dismissed and the property was no longer property of the estate.

■ Further, the reasoning of the cases disagreeing with *Tome* is more persuasive. As the District Court for the Northern District of California explained, "in the absence of some federal interest requiring a different result, the interests of a mortgagee should be governed by state law even when an interested party is involved in a bankruptcy proceeding." *Macalma v. Bank United of Texas,* 192 B.R. 751, 753 (N.D.Cal.1995)(citing *Butner v. United States,* 440 U.S. 48, 54–56, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)). In that case, because the Bankruptcy Code did not require additional notice for sale of property after the creditor was granted relief from the stay during the pendency of the bankruptcy case, state law controlled. Under California law, there was no additional notice requirement. That reasoning has even more force in this case, where the sale occurred after the bankruptcy case was dismissed.

Other courts have rejected *Tome,* pointing out that debtors who receive notice of foreclosure sales before bankruptcy know that the property is threatened with foreclosure and have an obligation to stay informed of the status of the foreclosure process. For example, one bankruptcy court said:

> Debtors know when efforts to terminate the stay are commenced and completed. If debtors have a real interest in knowing an impending sale date, it does not appear unreasonable to require them to assume some responsibility for contacting the party handling the foreclosure and obtaining the sale date. The reality is that virtually all debtors know or should know that relief from

the stay means that the sale will proceed in due course and that, absent some effort on their part, the property will be lost.

. . . .

It is important to note that the problems noted in *Tome* and this case arise only when the notice of sale occurs prior to the bankruptcy filing. If foreclosure had not begun or if the notice of sale had not been given, no sale can occur without actual notice. A debtor who ignores or chooses to forget the status of a pending foreclosure should rightly bear the consequences of doing so.

*In re Jauregui,* 197 B.R. 673, 675 (Bankr. E.D.Cal.1996).

Another court concluded that requiring additional notice of a pending sale after dismissal of a bankruptcy case is a judicial amendment of state noticing requirements, "applicable only to debtors who had previously filed a federal bankruptcy case." Such an amendment is contrary to § 349 of the Bankruptcy Code, which "provides that the effect of a dismissal requires only a return to the *status quo.*" *In re Stober,* 193 B.R. 5, 10 (Bankr.D.Ariz.1996). *Accord, e.g., In re Nagel,* 245 B.R. 657 (D.Ariz.1999)(rejects federal requirement of additional notice after bankruptcy case dismissed both as matter of bankruptcy law and of due process).

Nor is *Acosta* persuasive on the question of whether due process requires additional notice. First, a non-judicial foreclosure sale lacks the state action requisite to a claim for violation of due process. *Charmicor, Inc. v. Deaner,* 572 F.2d 694 (9th Cir.1978); *Nagel,* 245 B.R. at 664. Second, even assuming that there is sufficient state action to implicate the requirements of due process, we agree with the District Court for the Northern District of California, which has held that California's non-judicial foreclosure requirements do not

violate due process when applied to cases where the sale was postponed during bankruptcy. The court concluded that California's notice statute "meets the minimum constitutional requirements of due process and provides the attentive debtor with information sufficient to enable reinstatement." *Macalma,* 192 B.R. at 754.

Finally, we agree with the District Court for the District of Arizona that, "once the initial notice of the trustee's sale was given in compliance with due process, [the debtor] was in a position to keep himself apprised of the status of that matter." *Nagel,* 245 B.R. at 664. As that court said, due process does not require this type of "judicial shepherding of the litigants." *Id.*

The only Ninth Circuit BAP case citing *Tome* or *Acosta* is *In re Anderson,* 195 B.R. 87 (9th Cir. BAP 1996). In that case, we reversed an order setting aside a foreclosure sale that had occurred after the debtor's bankruptcy case had been dismissed. We distinguished both *Tome* and *Acosta,* in that the sale that had been set aside had occurred on the originally scheduled date, and had never been postponed by public declaration. We said that "[a]n intervening bankruptcy, without more, is not sufficient to call into question the effectiveness of notice for a scheduled trustee sale following dismissal of the debtor's case where the sale occurred on the original scheduled date." 195 B.R. at 91.

The court in *Tome* relied in part on dicta in *In re Ellis,* 60 B.R. 432, 436 (9th Cir. BAP 1985). In *Ellis* we affirmed an order granting relief from the automatic stay in a chapter 13 case. Before bankruptcy, the lender had started the foreclosure process by recording a notice of default. The debtor's confirmed plan required her to make monthly payments to the lender. When she failed to do that, the lender moved for relief from the automatic stay to continue the foreclosure process. The

bankruptcy court granted partial relief from stay, allowing the lender to proceed with a foreclosure sale if the debtor did not pay certain amounts within two weeks and promptly make all future payments. In dicta, we said, "Assuming that [the debtor] makes the required payments within the two weeks provided by the bankruptcy judge, a foreclosure based on future defaults would require at least a new twenty day notice period. Cal.Civ.Code § 2924f." *Id.* at 436. The court in *Tome* apparently read that language as indicating that new notice was required whenever relief from the stay was granted to allow a foreclosure sale, after the foreclosure process had begun. That is a misreading of *Ellis*. All we said was that, if foreclosure was based on a default that had not been previously noticed in the foreclosure process, the California statute required new notice. *Ellis* does not support creating a requirement for additional notice of a foreclosure sale after bankruptcy based on a default that was the basis for a foreclosure notice issued before the debtor filed bankruptcy.

There is no requirement under state or federal law for notice beyond that required by Cal.Civ.Code § 2924g. Therefore, the bankruptcy court did not err in granting summary judgment on the claims that were based on lack of notice.

2. *The August letter from GMAC to debtor does not support a claim for fraud.*

■ Debtor argues that the court failed properly to consider the effect of the August letter from GMAC to debtor, which debtor asserts misled him into believing he had an option to redeem the property. He claims that a reasonable fact finder could conclude that the letter was evidence of fraud or estoppel.

In their motion for summary judgment, defendants argued that the court had already concluded in its ruling on the motion to dismiss the original complaint that the letter did not establish fraud. In its ruling on the motion for summary judgment, the court said:

> [A]s is obvious, the letter is merely a form notice generated as a warning that foreclosure proceedings are underway. The letter makes absolutely no suggestion that foreclosure proceedings are other than imminent. Nghiem points to the following sentence in an attempt to suggest otherwise: "If you cannot afford to reinstate your mortgage there **may** be alternatives available, to help you avoid foreclosure." (Emphasis added.) Clearly, Nghiem's assertion that this sentence "lulled" him into a false sense of security that foreclosure proceedings were somehow delayed seems disingenuous to say the least; he is clearly grasping at straws.

> There are no material facts in dispute as to the contents of this letter or when it was sent. The letter makes no promises or guarantees whatsoever. No reasonable person reading the letter would think otherwise. Moreover, in the Court's prior order dismissing Nghiem's first complaint, it found that the facts alleged did not support a fraud cause of action:

> > Upon reading this letter, one would think that foreclosure proceedings were underway. This letter does not indicate that the proceedings were delayed or concealed in any way. The statement "there **may** be alternatives available" promises nothing, because it clearly contemplates that alternatives may not be available. (Emphasis added.) ... Plaintiff has been unable to point to any factual misconduct by Defendants.

Order Granting Motion to Dismiss at 13–14.

Based on the foregoing, movants are entitled to judgment as a matter of law on the first cause of action.

Order Granting Motion for Summary Judgment at 11–12.

Debtor did not present any evidence to support his argument that the letter misled him. The letter, which is an attachment to the complaint, by itself does not support a finding that there was any misrepresentation or other inequitable conduct. The letter is dated August 11, 1999. Debtor did not provide any evidence to support his allegation in the complaint that the letter was delivered to him on September 1, 1999 (not September 2, as he says in his opening brief on appeal). Nor did he present evidence to support his assertion that he believed the letter gave "him cure options, and lulled him with a false sense of security that he could still redeem the property and cure the default." Appellant's Brief at 6. His allegations in the complaint are insufficient to create an issue of fact. Fed.R.Civ.P. 56(e)(a party must affirmatively respond and not rest solely on allegations made in the complaint).

Debtor failed to support his factual allegations with an affidavit or other evidence. Therefore, the bankruptcy court did not err in granting summary judgment on the claims that are based on the August letter.

## CONCLUSION

The bankruptcy court did not err in concluding that the notice of the foreclosure sale was adequate and that the August letter was not misleading. Therefore, we AFFIRM.