## NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No. NV-16-1115-LJuKu |
| ) | |
| JOHN BADEA, ) | Bk. No. 2:15-bk-10638-LED |
| ) | |
| Debtor. ) | Adv. No. 2:15-ap-01035-LED |
| _____ ) | |
| JOHN BADEA, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**\* |
| ) | |
| EMIL BOTEZATU; GABRIELA ) | |
| BOTEZATU, ) | |
| ) | |
| Appellees. ) | |
| _____ ) | |

Argued and Submitted on February 24, 2017
at Las Vegas, Nevada

Filed - March 10, 2017

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable Laurel E. Davis, Bankruptcy Judge, Presiding
_____

Appearances:    Appellant John Badea argued pro se; Michael R.
Mushkin argued for appellees Emil and Gabriela
Botezatu.
_____

Before: LAFFERTY, JURY, and KURTZ, Bankruptcy Judges.

---

\*    This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

**INTRODUCTION**

After John Badea filed his chapter 7[1] petition, creditors Emil and Gabriela Botezatu filed a complaint seeking denial of Badea's discharge under § 727. After a trial, the bankruptcy court entered a judgment denying discharge (the "Judgment") based upon Badea's pre-petition transfer of property with intent to hinder, delay or defraud a creditor and for false oaths in his schedules and statements of financial affairs.

Badea moved for reconsideration, arguing that the bankruptcy court had erroneously interpreted the evidence presented in finding that he had acted with fraudulent intent. After a hearing, the bankruptcy court denied Badea's motion. Badea timely appealed. Because Badea did not provide an adequate record to permit our review of the Judgment, and because he did not demonstrate any ground for reconsideration, we AFFIRM.

**FACTS[2]**

In October 2007 the District Court for Clark County, Nevada, entered a judgment against Badea and in favor of the Botezatus in the amount of $47,401.29 for attorneys' fees and costs, plus $2,500 for sanctions, plus interest.

In January 2010, Badea purchased a condominium in Las Vegas (the "Silverado Ranch Property") for $52,000. On February 24,

---

[1]  Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2]  The facts are taken primarily from the bankruptcy court's findings and conclusions.

2014, Badea transferred the Silverado Ranch Property to his brother, George Badea, by quit claim deed. The deed noted that no consideration was given in exchange for the transfer.

Less than a year later, on February 12, 2015, Badea filed a petition for relief under chapter 7. At the initial meeting of creditors, several problems with Badea's schedules came to light. Badea failed to list his second motor vehicle or his interest in a family home in Romania; misstated the date on which he transferred the Silverado Ranch Property to George as "mid-2013"; listed zero income on Schedule I and $2,579 in monthly expenses on Schedule J; and listed a 2005 Mercedes Benz 350 on Schedule B with a value of zero and a monthly car payment of $800 on Schedule J but did not list any secured creditor or lessor for that vehicle. Although the chapter 7 trustee sent a written request to Badea to amend his schedules and statements, no amendments were ever filed that corrected these issues.

The Botezatus filed an adversary proceeding seeking denial of Badea's discharge pursuant to § 727; the matter was tried on December 4, 2015. As discussed below, Badea did not provide a copy of the trial transcript; thus, we do not have a record of the testimony or evidence presented at trial. However, the bankruptcy court noted in its findings and conclusions that it had declined to admit Badea's Trial Exhibit B entitled "Agreement and Power of Attorney," which purportedly memorialized an agreement for George to loan Badea $50,000 in August 2009 to purchase a condominium in Las Vegas. The bankruptcy court did not admit this document because Badea had not laid a proper evidentiary foundation for the agreement and for other concerns

-3-

related to the agreement's authenticity.

In December 2015 the bankruptcy court orally ruled on the matters presented at trial, finding for the Botezatus on their claims under §§ 727(a)(2)(A) and (a)(4); the bankruptcy court thereafter entered the Judgment.

Badea timely moved for reconsideration, arguing that the bankruptcy court had erred in finding that he intended to defraud the Botezatus and that his failure to amend the schedules was fraudulent. After a hearing, the bankruptcy court denied the motion for reconsideration. Badea timely appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. § 1334 and 157(b)(2)(J). We have jurisdiction under 28 U.S.C. § 158.

**ISSUES**

1. Whether the Panel has jurisdiction to review the Judgment denying discharge.

2. Whether the Panel should affirm the bankruptcy court's Judgment denying discharge under §§ 727(a)(2)(A) and (a)(4) based on Badea's failure to provide an adequate record.

3. Whether the bankruptcy court abused its discretion in denying Badea's motion for reconsideration.

**STANDARDS OF REVIEW**

We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Carrillo v. Su (In re Su), 290 F.3d 1140, 1142 (9th Cir. 2002). If an appellant challenges a finding of fact, it is his responsibility to provide an adequate record to show clear error. Massoud v. Ernie

-4-

Goldberger & Co. (In re Massoud), 248 B.R. 160, 163 (9th Cir. BAP 2000).

We review the bankruptcy court's denial of a motion to alter or amend a judgment for abuse of discretion. Ta Chong Bank Ltd. v. Hitachi High Techs. Am., Inc., 610 F.3d 1063, 1066 (9th Cir. 2010). Under the abuse of discretion standard, we "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009). If the bankruptcy court identified the correct legal rule, we then determine under the clearly erroneous standard whether its factual findings and its application of the facts to the relevant law were: "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." Id.

**DISCUSSION**

**A. The Panel has jurisdiction over the appeal of the Judgment denying discharge, and Appellees will not be prejudiced by our consideration of that matter on the merits.**

The Botezatus argue in their answering brief that we do not have jurisdiction to consider Badea's appeal of the Judgment because the notice of appeal references and attaches only the order denying reconsideration. The Botezatus reason that there was no timely notice of appeal filed from the Judgment, and thus this Panel lacks jurisdiction to consider the appeal of the Judgment.

The Botezatus misconstrue the applicable rules. As an initial matter, Rule 8002 provides that, if a party timely moves

-5-

to alter or amend a judgment under Rule 9023, then the 14-day deadline under Rule 8002 for filing an appeal runs from the entry of the order disposing of the last such motion outstanding. We consider a motion for reconsideration filed within 14 days of a judgment to be a timely motion to "alter or amend" within the meaning of Rule 8002(b). Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist., 374 F.3d 857, 863 (9th Cir. 2004). If the motion is timely under Rule 9023, we have jurisdiction to review both the underlying order and the order denying reconsideration. Tennant v. Rojas (In re Tennant), 318 B.R. 860, 866 n.5 (9th Cir. 2004).

Here, the motion for reconsideration was filed less than 14 days after entry of the Judgment, and the notice of appeal was filed less than 14 days after entry of the order denying reconsideration. We thus have jurisdiction to review the Judgment.

As for Badea's failure to reference the Judgment in the notice of appeal, Rule 8001(a) does not require the underlying order or judgment to be attached to the notice of appeal. Although 9th Cir. BAP R. 8003 does require such a designation, we may depart from this local rule absent a showing of prejudice. Wall Street Plaza, LLC v. JSJF Corp. (In re JSJF Corp.), 344 B.R. 94, 100 (9th Cir. BAP 2006), aff'd, 277 F. App'x 718 (9th Cir. 2008). When a party seeks to argue the merits of an underlying order that does not appear on the notice of appeal, the reviewing court will generally consider (1) whether the intent to appeal a specific judgment is fairly inferred and (2) whether the appellee will be prejudiced by the mistake. See Lolli v. County of

-6-

Orange, 351 F.3d 410, 414 (9th Cir. 2003) (interpreting Fed. R. App. P. 3).

Intent to appeal a specific order can be "fairly inferred" by the issues raised in the appellant's opening brief. Id. Here, the intent to appeal the Judgment denying discharge is easily inferred from the substantial discussion of the Judgment in Badea's brief, which focuses entirely on the request for a reversal of the denial of discharge and requests remand for further proceedings. Badea also designated the transcript of the bankruptcy court's December 22, 2015 ruling on denial of discharge as part of the record on appeal. Thus, Badea's intent to appeal the Judgment can be fairly inferred.

There can be no claim of prejudice if both parties have briefed the issues in the underlying order. Id. at 415. The Botezatus addressed Badea's reasoning in their answering brief. Therefore, they will not be prejudiced by our review of the Judgment.[3]

**B.    We cannot find that the bankruptcy court clearly erred in denying Badea's discharge under §§ 727(a)(2)(A) or (a)(4) because Badea has not provided an adequate record on appeal.**

Sections 727(a)(2)(A) and (a)(4) both require a finding of fraudulent intent. Section 727(a)(2)(A) provides, in relevant part:

> The court shall grant the debtor a discharge, unless
> . . . the debtor, with intent to hinder, delay, or
> defraud a creditor or an officer of the estate charged

---

[3]  Moreover, Botezatus' counsel conceded at oral argument that his clients were not prejudiced by Badea's failure to attach the Judgment to the Notice of Appeal.

with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed . . . property of the debtor, within one year before the date of the filing of the petition.

To succeed on a claim for denial of discharge under § 727(a)(2)(A), the plaintiff must show by a preponderance of the evidence (1) that a transfer or concealment took place within one year before the filing of a bankruptcy petition, and (2) the subjective intent of the debtor to hinder, delay or defraud a creditor through the disposition of the property. Retz v. Sampson (In re Retz), 606 F.3d 1189, 1200 (9th Cir. 2010). As direct evidence is rarely available to determine fraudulent intent, certain "badges of fraud" may support such a finding:

(1) a close relationship between the transferor and the transferee; (2) that the transfer was in anticipation of a pending suit; (3) that the transferor Debtor was insolvent or in poor financial condition at the time; (4) that all or substantially all of the Debtor's property was transferred; (5) that the transfer so completely depleted the Debtor's assets that the creditor has been hindered or delayed in recovering any part of the judgment; and (6) that the Debtor received inadequate consideration for the transfer.

Id.

Section 727(a)(4)(A) provides in relevant part: "The court shall grant the debtor a discharge, unless . . . the debtor knowingly and fraudulently, in or in connection with the case[,] made a false oath or account." To prevail on a claim under this subsection, the plaintiff must show by a preponderance of the evidence that (1) the debtor made a false oath in connection to the case, (2) that related to a material fact, (3) made knowingly, (4) and fraudulently. In re Retz, 606 F.3d at 1197.

-8-

On appeal, Badea does not dispute that he transferred the Silverado Ranch Property to his brother within a year of filing his bankruptcy petition or that his schedules and statement of financial affairs contained material misstatements. Badea disputes only the bankruptcy court's finding of fraudulent intent, which was based on the following badges of fraud: there was a close relationship between transferor and transferee, the transfer was made to avoid collection activity on the Botezatus' renewed judgment, and Badea did not receive consideration for the transfer of the Silverado Ranch Property. Badea disputes these underlying factual findings.

However, under 9th Cir. BAP R. 8009-1:

> The excerpts of record shall include the transcripts necessary for adequate review in light of the standard of review to be applied to the issues before the Panel. The Panel is required to consider only those portions of the transcript included in the excerpts of the record.

When a complete record is not provided, we are entitled to presume that the omitted portions do not further the appellant's arguments. Gionis v. Wayne (In re Gionis), 170 B.R. 675, 680-81 (9th Cir. BAP 1994), aff'd, 92 F.3d 1192 (9th Cir. 1996). "[F]ailure to provide a sufficient record to support informed review of trial-court determinations may, but need not, lead either to dismissal of the appeal or to affirmance for inability to demonstrate error." Kyle v. Dye (In re Kyle), 317 B.R. 390, 393 (9th Cir. BAP 2004), aff'd, 170 F. App'x 457 (9th Cir. 2006).

As noted, Badea failed to provide a transcript of the trial testimony in his excerpts of record, and no trial transcript was filed with the bankruptcy court. To find clear error, we must be

-9-

able to review the entire record. See <u>Anderson v. City of Bessemer City, N.C.</u>, 470 U.S. 564, 573 (1985) ("A finding is clearly erroneous when although there is evidence to support it, the reviewing court **on the entire evidence** is left with the definite and firm conviction that a mistake has been committed.") (emphasis added) (citation omitted). Because Badea did not include the complete transcript necessary for us to review the "entire evidence" for clear error, we must affirm the Judgment denying discharge. See <u>Morrissey v. Stuteville (In re Morrissey)</u>, 349 F.3d 1187, 1191 (9th Cir. 2003) (affirming this Panel's dismissal of appeal based in part on the inadequacy of the appellate record); <u>In re Kyle</u>, 317 B.R. at 393.

**C.   The bankruptcy court did not abuse its discretion in denying Badea's motion for reconsideration.**

We construe a timely motion for reconsideration as a motion to alter or amend judgment under Civil Rule 59(e), applicable in bankruptcy via Rule 9023. Rule 59(e) allows for reconsideration if the bankruptcy court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. <u>Kona Enters., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000).

In his motion for reconsideration, Badea argued that the bankruptcy court's fraud finding was clearly erroneous. However, he pointed to no newly discovered evidence, clear error, manifest injustice, or intervening change in controlling law. Badea simply disagreed with the inferences drawn by the bankruptcy court. The bankruptcy court denied the motion because Badea had

-10-

not demonstrated any of the required grounds for reconsideration. On appeal, Badea focused solely on the bankruptcy court's factual findings supporting the § 727 Judgment and did not argue, much less demonstrate, that he met the appropriate standard on reconsideration or that the bankruptcy court abused its discretion in denying that motion.

**D. Appellees' request for fees and costs is denied for failure to file the request in a separate motion.**

In their brief, the Botezatus requested fees and costs under Fed. R. App. P. 38 for filing a frivolous appeal. In bankruptcy appeals, the relevant rule is Rule 8020, which provides:

> If the district court or BAP determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Because the Botezatus did not make their request in a separately filed motion, we must deny it. See Nghiem v. Ghazvini (In re Nghiem), 264 B.R. 557, 560 n.4 (9th Cir. BAP 2001).

**CONCLUSION**

Badea failed to provide an adequate record to enable review of the bankruptcy court's finding of fraudulent intent, and he has not shown that the bankruptcy court abused its discretion in denying Badea's motion for reconsideration. Accordingly, we AFFIRM.

-11-